-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALFRED COOPER, 11802-055,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION and ORDER**
05-CV-0458S

---

Petitioner, Alfred Cooper, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2255, alleging that his conviction in this Court was unconstitutionally or unlawfully obtained, as set forth more precisely in the petition. Specifically, petitioner claims that he should be resentenced under *United States v. Booker*, ---U.S.---, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that he did not waive his right to appeal.

According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of --

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.  Specifically, petitioner's judgment of conviction was entered on March 31, 2004 and he did not appeal from his conviction.  Therefore, his conviction became final for purposes of § 2255(1) when the time for filing a direct appeal expired or, in other words, ten (10) business days after the entry of the judgment of his conviction.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires).  As noted, petitioner's conviction was entered on March 31, 2004, and his time to file a notice of appeal expired ten business days later on April 12, 2004.[1]  Petitioner, therefore, had one year from April 12, 2004 to timely file a motion to vacate his conviction or sentence under § 2255.[2]  The instant motion was not filed until June 28, 2005.

In order to permit the Court to properly evaluate the issue, petitioner is directed to complete the attached § 2255 Timeliness Response Form entitled "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255" and return it to the

---

[1] Under Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within ten days. Pursuant to Federal Rule of Appellate Procedure 26(a)(2), the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays.

[2] *Booker* is not retroactive on collateral review.  *See Guzman v. United States*, 404 F.3d 139 (2d Cir.2005); see also 28 U.S.C. § 2255(3).

Clerk of Court by **August 5, 2005**. Petitioner should be sure to include in the Response specific and detailed information addressing all of the Court's concerns; petitioner should also include all pertinent dates when any collateral attacks were filed and when each was finally determined, if petitioner has filed any such collateral attacks, and any other information which may be relevant to the Court's determination of the limitations issue.

**Failure to return the properly completed form by August 5, 2005 will result in the automatic dismissal of the petition as an abuse of the writ of habeas corpus**.

IT HEREBY IS ORDERED, that petitioner is directed to file a response to this order by **August 5, 2005**; and

FURTHER, that if the § 2255 Timeliness Response Form is not filed by **August 5, 2005**, the Clerk of the Court is directed to dismiss the petition as an abuse of the writ of habeas corpus without further notice.

FURTHER, all docketing for this action shall be made in the related criminal action 03-CR-0216S.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY**.

SO ORDERED.

Dated:   July 15, 2005
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge