UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALFRED COOPER,

                    Petitioner,

        v.                                                    **DECISION & ORDER**
                                                                    03-CV-216S
                                                                    05-CR-458S

UNITED STATES OF AMERICA,

                    Respondent.

1.      On June 29, 2005, Petitioner Alfred Cooper filed a Motion pursuant to

29 U.S.C. § 2255, requesting that the Court vacate, set aside, or correct his sentence.[1]

Therein, Petitioner alleges that his plea was not knowing and voluntary and that he is

entitled to be re-sentenced under United States v. Booker, 543 U.S. 220, 224, 125 S. Ct.

738, 160 L. Ed. 2d 621 (2005).[2]

2.      The relevant facts underlying Petitioner's plea and sentence are as follows.

On October 23, 2003, Petitioner appeared before this Court, executed a Waiver of

Indictment, and pled guilty to a one-count Information charging him with possession with

intent to distribute and distribution of heroin within 1,000 feet of a public housing facility in

violation of 21 U.S.C. § 860.  That charge carried a possible maximum sentence of 40

years imprisonment, a $2,000,000 fine, or both.  (Plea Agree., ¶ 1).[3]

---

[1] In support of his Motion, Petitioner filed a memorandum of law, a "response as to why the motion should not be time barred by 28 U.S.C. § 2255," and a memorandum of law in support of his response.  Respondent filed an Answer (alternatively titled, "Respondent's Motion to Dismiss the Defendant's Petition Seeking to Collaterally Attack his Sentence), and a memorandum of law in opposition to the Motion.

[2] By Order filed on July 18, 2006, Petitioner was directed to file information addressing the timeliness of his motion under 28 U.S.C. § 2255, which imposes a one year statute of limitations on the filing of motions thereunder.  By Decision and Order entered on June 21, 2006, this Court determined that the petition was not untimely on its face.

[3] The Plea Agreement appears at Docket No. 34.

Under the terms of the Plea Agreement, Petitioner and the Government agreed that his total offense level, including a reduction for acceptance of responsibility, was 12, and that his criminal history category fell between a category IV and VI, resulting in a sentencing range of 30 to 37 months imprisonment, a fine of $3,000 to $2,000,000, and a period of supervised release of 6 years.  (Plea Agree., ¶¶ 7-10)

Included in the Plea Agreement is Petitioner's acknowledgment that he

> knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement.

(Plea Agree., ¶ 17.)

On March 19, 2004, this Court sentenced Petitioner to a 30-month term of imprisonment and a 6-year term of supervised release.  The Clerk of the Court filed Judgment against Petitioner on March 31, 2004.  (Docket No. 42).  Petitioner did not appeal his conviction or sentence.

3.      Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

It is well-settled that a federal prisoner may not use 28 U.S.C. § 2255 as a substitute for a direct appeal.  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea.  Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979)).

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under [Section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).   Under 28 U.S.C. § 2255, Petitioner bears the burden of proving such a fundamental defect.  See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

Moreover, it is axiomatic that a defendant's knowing and voluntary waiver of the right to appeal a sentence within an agreed upon sentencing range is enforceable.  See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998).[4]  The change in sentencing law ushered in by Booker has

---

[4]The Second Circuit has carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a defendant claims that he received ineffective assistance from his counsel in entering into the plea agreement.  See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.  Petitioner does not assert ineffective assistance of counsel in this case.  Rather, he contends that this Court did not

not altered this general rule.  The Second Circuit has determined that "an otherwise valid plea agreement and waiver of right to appeal a sentence, entered into before January 12, 2005, is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were mandatory rather than advisory."  United States v. Roque, 421 F.3d 118, 124 (2d Cir. 2005).

4.      In the present case, Petitioner contends that his guilty plea -- and the waiver of his right to appeal his sentence included therein -- was not knowing and voluntary, because this Court "failed to explicitly mention the provision during the plea colloquy." (Pet. Mem., p. 5).  This contention is belied by the transcript of Petitioner's October 23, 2003 plea colloquy.  As previously noted herein, the written Plea Agreement, which was signed by Petitioner and his attorney, contains a waiver of his appeal rights.  During Petitioner's plea colloquy, he represented to this Court that: (1) he could read and write; (2) he was satisfied with his legal representation; (3) he had not taken any drugs or alcohol that day; (4) he had reviewed the Plea Agreement with his attorney and that he understood it; (5) he understood that his sentencing exposure was 30 to 37 months in prison, a fine of between $3,000 to $2,000,000, and six years of supervised release; (6) he understood that if he was sentenced between 30 and 37 months or lower, he could not appeal or challenge his sentence through any other legal means; (7) that no promises had been made to him that were not contained in the written Agreement; and (8) no one had forced or threatened him to sign the Agreement.  (T. at 6, 7, 11, 16-17, 18, 20, 22-23).

Based on the foregoing, this Court finds that Petitioner knowingly and voluntarily waived the right to appeal or collaterally attack his sentence so long as it fell within or

---

explicitly advise him that he was waiving the right to appeal his sentence by entering into the Agreement.

4

below the stipulated sentencing range, and that his sentence did not exceed that range. Because Petitioner's waiver is valid and enforceable, the instant motion attacking his sentence is unreviewable and must be denied.

5.      Even if Petitioner's motion was reviewable, the argument that his sentence is invalid or erroneous because this Court sentenced him under a mandatory sentencing scheme in contravention of <u>Booker</u> is unavailing.   The Second Circuit has already determined that "<u>Booker</u> is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> was issued." <u>Guzman v. United States</u>, 404 F.3d 139, 141 (2d Cir. 2005); <u>see</u> <u>also</u> <u>Soriano</u> <u>v. United States</u>, Nos. 05-Civ.-2704, 01-Cr.-534, 2006 WL 3039998, at *2 (S.D.N.Y. Oct. 24, 2006) (rejecting <u>Booker</u> arguments raised in a motion under 28 U.S.C. § 2255).   In this case, as Petitioner's Judgment was entered on March 31, 2004, and his conviction became final long before January 12, 2005.   Accordingly, <u>Booker</u> does not afford Petitioner any basis for relief, and his motion must be denied.

6.      For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this requisite showing, a petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Rhagi</u> <u>v. Artuz</u>, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).   This Court finds that Petitioner has failed to make a substantial showing that he was denied a constitutional right, and therefore, declines to issue a certificate of appealability.

7.      For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or

Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of

Appeal with the Clerk's Office, United States District Court, Western District of New York,

within 30 days of the date of judgment in this action.  Requests to proceed on appeal as

a poor person, if any, must be filed with the United States Court of Appeals for the Second

Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate

Procedure.


IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate his Sentence pursuant

to 28 U.S.C. § 2255 (Docket No. 44) is DENIED.


SO ORDERED.


Dated:        February 16, 2007
              Buffalo, New York


                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge